IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRINAD CAPITAL MASTER FUND, LTD., individually and derivatively on behalf of MAJESCO ENTERTAINMENT COMPANY,<br><br>Plaintiff,<br><br>-against-<br><br>MORRIS SUTTON, JESSE SUTTON, JOSEPH SUTTON, LOUIS LIPSCHITZ, AND LAURENCE ARONSON<br><br>Defendants,<br><br>MAJESCO ENTERTAINMENT COMPANY,<br><br>Nominal Defendant. | Case No. 2:06-cv-05265-PGS-RJH |

## FINAL JUDGMENT AND ORDER OF DISMISSAL

The stipulation of settlement (and the exhibits thereto) and agreement of compromise, settlement, and release of claims dated October 8, 2007 (the "Stipulation") of the above-captioned (the "Action") and the settlement it proposes (the "Settlement"), having come before the Court on May 11, 2009, and with respect to certain matters relating to the Settlement of the Action in accordance with the Stipulation; and

The Court, having read and considered the Stipulation, heard arguments of counsel, issued a Preliminary Order Setting Schedule dated March 11, 2009 ("Scheduling Order"), and

having considered objections raised by Current Majesco Shareholders at the Settlement Hearing, if any, and being otherwise fully appraised in the premises; and

All parties having consented to the entry of this Order; it is

**ORDERED, ADJUDGED, AND DECREED THAT:**

### Definitions

1. For purposes of this Final Judgment and Order of Dismissal (the "Judgment"), the Court adopts and incorporates the definitions contained in the Stipulation.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of the Action, and over all parties to the Action, including all Current Majesco Shareholders.

### Notice

3. The Court finds that the Notice of Settlement of Shareholder Derivative Litigation (the "Notice") was given in accordance with the Scheduling Order and that such Notice was reasonable and constituted the most practicable notice under the circumstances, constituted valid, due, and sufficient notice to all Current Majesco Shareholders, and complied fully with the requirements of due process, the Constitution of the United States, and any other applicable law.

### Approval of the Settlement

4. This Court hereby approves the Settlement set forth in the Stipulation and finds that said settlement is, in all respects, fair, reasonable, adequate, and in the best interests of Majesco and Current Majesco Shareholders, and directs the consummation and implementation of the Settlement in accordance with the terms and provisions of the Stipulation.

5. This Court further finds that the Settlement has been entered into and made in good faith, and that Plaintiff and Plaintiff's Counsel have fairly and adequately

represented the interests of Majesco and Current Majesco Shareholders in connection with the Action and the Settlement.

### Dismissal with Prejudice

6. The Court hereby dismisses the Action with prejudice and on the merits and without costs to any party, except as provided herein, and Defendants and their Affiliates hereby are released and discharged from derivative all claims, rights and causes of action, whether legal or equitable, known or unknown, which the Plaintiff and any other Majesco shareholder ever had, now has, or hereafter can, shall or may have relating to or arising out of or in connection with any of the claims, facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions or failures to act which were or could have been alleged or asserted in the complaint in the Action dated November 2, 2006, on behalf of Majesco against any of the Defendants or Defendants' Affiliates, including Unknown Claims (collectively, the "Settled Claims"), provided, however, that the Settled Claims shall not include the right to enforce the terms of the Stipulation.

### No Admission or Evidence of Liability

7. This hereby decrees that neither the Stipulation, nor this Judgment, nor the fact of the Settlement, is an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Majesco, Defendants, or Defendants' Affiliates or of the truth of any of the claims or allegations alleged in the Action. This Judgment is not a finding of the validity or invalidity of any claims in the Action or of any wrongdoing or lack thereof by any Defendant. The Stipulation, and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Majesco, Defendants, or Defendants' Affiliates, or of the

Case 2:06-cv-05265-PGS-ES   Document 36   Filed 05/12/09   Page 4 of 5 PageID: 1116
05/11/2009 16:34 FAX                                                              ☑005/006

truth of any of the claims or allegations, or of any alleged defense, or of the absence of any wrongdoing or limitation of damage or injury, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, by any Person, in any other proceeding.

### Releases and Covenants

8.  Plaintiff, Majesco, and all Majesco stockholders, are herby permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing against any of the Defendants and Defendants' Affiliates any of the Settled Claims (including Unknown Claims) in any court or other forum whatsoever, including such Settled Claims as already may have been asserted in any pending action, arbitration, or other proceeding.

### Continuing Jurisdiction

9.  Without affecting the finality of this Judgment in any way, this Court retains continuing jurisdiction: (a) over the implementation, administration, and consummation of this settlement; (b) over the Action until the Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties to the Stipulation shall have been performed pursuant to the Stipulation; and (c) over all parties to the Action and all parties to the Stipulation for the purpose of taking such other actions as may be necessary to conclude and administer this Settlement and to implement and enforce the Stipulation.

### Termination of Settlement

10. In the event that the Settlement does not become effective or is terminated in accordance with the terms and provisions of the Stipulation, then this Judgment shall be rendered null and void and be vacated and the Stipulation and all orders entered in connection therewith by this Court shall be rendered null and void.

## Entry of Final Judgment

11.  The Court finds that no just reason exists for delay in entering final judgment in accordance with the Stipulation. Accordingly, the Clerk is hereby directed to enter this Judgment forthwith.

Dated:    Dated: May 12, 2009

_Peter M[illegible]_
United States District Judge